Hugh S. Coyle, J.
This is a motion by respondent contractor for an order vacating a notice of examination before trial served upon it by petitioner Board of Education. By order of the Appellate Division dated October 10, 1960 (11 A D 2d 1038) on an appeal from an order of this court entered in an application to stay arbitration proceedings, the Appellate Division held that fact questions existed which should be determined in this court as conditions precedent to arbitration.
The court has examined the notice of examination and the papers submitted in this application to vacate said notice and finds that the notice of examination is too broad in scope.
In the opinion of this court the notice to examine exceeds the bounds outlined by the Appellate Division and encompasses issues which are not properly before the court on the questions directed to be determined at a trial by the said order of the Appellate Division dated October 10,1960. In its determination the Appellate Division outlined the issues to be passed upon at the trial and they are issues of fact as to performance of conditions precedent to arbitration. Such issues encompass the following: Dates of the completion of the work involved in each claim; dates of the determination of the validity or invalidity of said claim by the architect; date, form and manner of service of notice of rejection of claims; and other relevant facts for the determination of the question as to whether or not demand for arbitration was timely made as to the claims herein contested. Likewise examination may be had on relevant facts to determine whether or not respondent complied in all respects with the provisions of section 3813 of the Education Law in the presentation of said claims. Examination at this time is not to include facts relevant to claimed damages in an unascertained amount by reason of alleged wrongful acts and neglect of petitioner nor is examination to be conducted upon petitioner’s alleged claim for damages for delay. Accordingly, the motion to vacate the notice of examination with which we are herein concerned is granted without prejudice to a renewal thereof in accordance with the decision herein.